STATE OF NORTH CAROLINA v. STANLEY LEE CAMPBELL

No. 8121SC169

(Filed 15 September 1981)

1. Criminal Law § 87.2— leading questions—no abuse of discretion

The trial court did not abuse its discretion in the allowance of leading questions which either sought to have a witness clarify her previous testimony or describe how she picked out a photograph during a photographic identification procedure.

2. Criminal Law § 169.6— exclusion of testimony—failure to show prejudicial error

Where the record does not contain what the witness would have testified had she been allowed to do so, the Appellate Court is unable to determine whether defendant is prejudiced by the exclusion of the witness's testimony.

3. Criminal Law § 66— testimony corroborating identification of defendant—relevancy

In a prosecution for uttering a forged check, testimony that two witnesses identified a picture of defendant's brother as the person with defendant at the time of the crime was relevant to corroborate the witnesses' testimony regarding their identifications of defendant and to show the events and circumstances surrounding such identifications. Further, defendant could not have been prejudiced by this testimony as other testimony had already proved identification.

4. Criminal Law § 66.16— in-court identification—sufficiency of evidence to support

The court's conclusion that the in-court identification of defendant by State's witnesses was independent of any previous photographic identification procedure was supported by the evidence and findings.

APPEAL by defendant from *Collier, Judge.* Judgment entered 24 September 1980 in Superior Court, FORSYTH County. Heard in the Court of Appeals 1 September 1981.

Defendant was charged in a proper bill of indictment with uttering a forged check, and in a "criminal summons" with the misdemeanor larceny of a pocketbook and its contents from

Lucille M. Gwynn having a total value of $50. The charges were consolidated for trial. The State presented evidence tending to show that defendant and another man had been seen leaving a local school the same day that Lucille M. Gwynn, a teacher at the school, had reported the theft of her purse and that defendant and another man entered the First Union National Bank on 20 February 1980 and again on 21 February 1980 and attempted to cash a check drawn on the bank and bearing the forged signature of Mrs. Gwynn. Defendant presented evidence tending to show he had not been in the bank on the days in question, and that he was at the school with a friend who was trying to sell a CB radio. The jury found defendant guilty on both charges, and from a judgment entered on both charges imposing a prison sentence of not more than ten years nor less than ten years, defendant appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney R. Darrell Hancock, for the State.*

*Powell, Yeager and Fischer, by Harrell Powell, Jr., and J. Clark Fischer, for the defendant appellant.*

HEDRICK, Judge.

[1] Defendant's first, second, fourth, and fifth assignments of error relate to the admission and exclusion of evidence. First, defendant contends the court erred in allowing the district attorney to ask leading questions on direct examination. This assignment of error is based upon five exceptions noted in the record. Assuming arguendo that the questions to which defendant objected, forming the basis for these exceptions, were in fact leading questions, the court's ruling upon them will not be disturbed on appeal absent a showing of abuse of discretion. *State v. Noell,* 284 N.C. 670, 202 S.E. 2d 750 (1974); *State v. Watkins,* 283 N.C. 504, 196 S.E. 2d 750 (1973). In the present case, the questions challenged either sought to have the witness clarify her previous testimony or describe, as in the case of the State's witness Molly Ferrell Twine, how she picked out a photograph during a photographic identification procedure conducted by Officer R. V. Venable of the Winston-Salem Police Department. Defendant has shown no prejudice by the allowance of these questions and we hold the court did not abuse its discretion in its ruling upon them. This assignment of error is without merit.

[2]   Defendant's second assignment of error is based upon Exceptions Nos. 2 and 14. Exception No. 2 is set out in the record as follows:

> Q. Could it not be that your seeing him in District Court down there when he was called around is not the reason that you can so well identify him at this point, is that not possible?

MR. COLE: Objection to what is possible, Your Honor.

THE COURT: Sustained.

DEFENDANT'S EXCEPTION NO. 2.

Defendant contends that because the witness "could have been mistaken" as to her identification of defendant, the court's sustaining the State's objection unduly restricted defendant's "constitutional right of confrontation." The record, however, does not contain what the witness would have testified had she been allowed to do so and thus we are unable to determine whether defendant has been prejudiced as a result. *See State v. Satterfield,* 300 N.C. 621, 268 S.E. 2d 510 (1980). Moreover, the witness thereafter testified on redirect that "I am basing my identity right now on when I seen him in the bank." This assignment of error is without merit.

[3]   After testifying that they had picked out a photograph of defendant during a photographic identification procedure conducted by Officer Venable, State's witnesses Twine and Deborah Roberts, both employees of First Union National Bank who observed defendant at the bank on the days in question, were allowed to testify, over defendant's objection, that they picked out another photograph labeled State's Exhibit 1(b), as being of the man accompanying defendant in the bank on 20 February and 21 February 1980. Officer Venable was thereafter allowed to testify, again over defendant's objection, that State's Exhibit 1(b) was a photograph of defendant's brother, Roy George Campbell. Defendant's exceptions to this testimony constitute the basis for his fourth and fifth assignments of error. He contends that such testimony was irrelevant and "highly prejudicial." We do not agree. The challenged testimony tends to corroborate the witnesses' testimony regarding their identification of defendant

State v. Campbell

and further sets forth the events and circumstances surrounding such identification. Defendant could not have been prejudiced by this testimony since he had already been identified in the first photograph picked out by the witnesses. These assignments of error are meritless.

[4] ·Based on his third assignment of error, defendant contends that the court improperly denied his motion to suppress the in-court identification of defendant by the State's witnesses Twine, Roberts, and Michael Lee Rabb, a custodian at the local school where defendant was observed on 20 February 1980. In his brief, defendant argues that "[b]ecause of the errors cited in Questions Presented 1 through 3, *supra* [Assignments of Error Nos. 1, 2, 4, and 5] the Court did not have an adequate basis to rule on the motion to suppress," and that the "Trial Judge, by virtue of his rulings on the State's evidence, denied the defendant's counsel the opportunity to show the totality of circumstances." We disagree. We have already determined that the court did not err in its rulings assigned as error by defendant under his "Questions Presented 1 through 3." Moreover, the record contains nothing to suggest that the court did not follow the proper procedures for determining the admissibility of identification testimony. *See* 1 Stansbury's N. C. Evidence § 57 (Brandis rev. 1973). The Court conducted an extensive *voir dire* hearing, after which it made detailed findings of fact as to the circumstances of the witnesses' observation of defendant on 20 February and 21 February 1980. The Court's findings were amply supported by the evidence adduced at the hearing and in turn support the court's conclusions that the in-court identification of defendant by the three State's witnesses was independent of any previous photographic identification procedure, and that their identification of defendant was based upon what they observed on 20 February and 21 February 1980. Defendant's argument borders on the frivolous and the assignment of error is meritless.

We hold defendant had a fair trial free from prejudicial error.

No error.

Judges HILL and WHICHARD concur.